<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4197**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ERNEST DAILEY,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:14-cr-00072-F-1)

Submitted:  November 19, 2015  Decided:  November 23, 2015

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Dailey appeals his convictions and 262-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012), and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012).  On appeal, Dailey's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Dailey's sentence.  The Government has moved to dismiss the appeal based on the appellate waiver provision of the plea agreement.  We dismiss.

We review de novo the validity of an appeal waiver.  United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013).  A defendant's waiver of his appeal rights is valid if he agreed to it "knowingly and intelligently."  United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).  Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Dailey knowingly and voluntarily waived his right to appeal and that the issue Dailey seeks to raise on appeal falls squarely within the scope of his waiver of appellate rights.  See Copeland, 707 F.3d at 528.

In accordance with <u>Anders</u>, we have reviewed the entire record for potentially meritorious issues not covered by the waiver and found none. We therefore grant the Government's motion and dismiss the appeal. This court requires that counsel inform Dailey, in writing, of the right to petition the Supreme Court of the United States for further review. If Dailey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dailey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>